**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-14354-BLOOM/Reinhart**

THERESA BATSON,
    Petitioner,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION AS UNTIMELY

**THIS CAUSE** is before the Court on Petitioner Theresa Batson's ("Petitioner") *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), ECF No. [1]. Petitioner challenges her state-court convictions and sentences on charges of conspiracy to commit first degree murder and solicitation to commit first degree murder in the Nineteenth Judicial Circuit for St. Lucie County, Florida. *See generally id*.

Respondent Florida Department of Corrections ("Respondent") filed a Response, ECF No. [7], an Index to Appendix, ECF No. [8], with exhibits, ECF Nos. [8-1]-[8-4], and a Notice of Filing Transcripts, ECF No. [9], with attached transcripts, ECF Nos. [9-4]-[9-4]. Petitioner did not file a Reply, and the time within which to do so has passed. *See* ECF No. [5] at 2. The Court has carefully considered the parties' written submissions, the record, and the applicable law. For the following reasons, the Petition is dismissed as untimely.

### I. BACKGROUND

On May 20, 2010, a St. Lucie County jury found Petitioner guilty of two counts of conspiracy to commit first degree murder (Counts I and II) and two counts of solicitation to commit

first degree murder (Counts III and IV). *See* ECF No. [8-2] at 43.[1] The trial court sentenced Petitioner to a thirty-year term of imprisonment on Count I, a thirty-year term of imprisonment on Count II that would run consecutive to Count I, a thirty-year term of imprisonment on Count III that would run concurrently with Count I, and a thirty-year term of imprisonment on Count IV that would run concurrently with Count II but consecutive to Count I. *See id.* at 52-60.

Petitioner appealed her conviction and sentence to the Fourth District Court of Appeal ("Fourth District") on July 30, 2010. *See id.* at 69. The Fourth District affirmed Petitioner's conviction and sentence in an unelaborated opinion on March 28, 2012. *See id.* at 130. Petitioner filed a Motion for Rehearing concerning her direct appeal with the Fourth District on April 11, 2012. *See id.* at 132-138. The Fourth District denied Petitioner's Motion for Rehearing on May 7, 2012, *see id.* at 140, and issued its Mandate on May 25, 2012, *see id.* at 142.

Petitioner filed a Motion for Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion") in the Nineteenth Judicial Circuit for St. Lucie County, Florida ("Post-Conviction Court") on June 7, 2013. *See id.* at 144-69. The Post-Conviction Court dismissed Petitioner's Rule 3.850 Motion without prejudice on the ground that it was legally insufficient but allowed Petitioner to file an amended Rule 3.850 Motion on or before September 23, 2013. *See id.* at 172-76. Petitioner filed an Amended Rule 3.850 Motion on September 20, 2013. *See id.* at 178-209. The Post-Conviction Court denied Petitioner's Amended Rule 3.850 Motion on May 18, 2015. *See* ECF No. [8-3] at 124-38. On July 7, 2015, Petitioner appealed the Post-Conviction Court's denial of her Amended Rule 3.850 Motion. *See id.* at 144. On February 1, 2017, the Fourth District reversed the Post-Conviction Court's denial of one of the claims raised

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

in the Amended Rule 3.850 Motion and remanded the case for an evidentiary hearing on that issue alone, *see id.* at 251-53. The Fourth District issued its Mandate on February 17, 2017. *See id.* at 255. Following the evidentiary hearing ordered by the Fourth District, on November 13, 2013, the Post-Conviction Court entered an amended judgment on November 30, 2013 that vacated the adjudication of guilt on Count I but left the adjudication of guilt on Counts II, III, and IV undisturbed. *See id.* at 258-60.

Petitioner appealed the Post-Conviction Court's amended judgment to the Fourth District on September 7, 2017. *See id.* at 267-68. On March 6, 2018, the State filed a Motion to Relinquish Jurisdiction in response, arguing that the Fourth District should relinquish jurisdiction to the Post-Conviction Court for purposes of issuing a written order vacating the sentence on Count I. *See id.* at 283-86. The Fourth District granted the State's Motion to Relinquish Jurisdiction on March 26, 2018. *See* ECF No. [8-4] at 2. On March 29, 2018, the Post-Conviction Court entered a written order, clarifying that Petitioner's judgment and sentence on Count I were vacated and amending the sentencing documents for Counts II and IV to reflect that they run concurrently with each other but consecutive to the sentence on Count III. *See id.* at 4. After finding that the Post-Conviction Court exceeded the scope of its jurisdiction by amending the sentences on Counts II, III, and IV, the Fourth District, on May 21, 2018, *sua sponte* relinquished jurisdiction to allow the Post-Conviction Court to properly amend the sentences on those counts. *See id.* at 61-62. In the Post-Conviction Court, the State, on May 23, 2018, filed a Motion to Vacate the Amended Sentence ("State's Motion") on Counts II, III, and IV, and Reissue Sentence on Counts II, III, and IV. *See id.* at 64-66. On May 29, 2018, the Post-Conviction Court granted the State's Motion, vacating and reissuing the amended sentence on Counts II, III, and IV. In its order, the Post-Conviction Court ordered the sentences for Counts II and IV to run concurrently with each other but

consecutive to the sentence imposed in Count III and Count I to remain vacated. *See id.* at 68. The vacatur of Count I left Petitioner's term of imprisonment unaffected. *See* ECF No. [8-3] at 285. The Fourth District affirmed the Post-Conviction Court in an unelaborated opinion on November 1, 2018, *see* ECF No. [8-4] at 97, and issued its Mandate on November 30, 2018. *See id.* at 99.

On November 19, 2018, Petitioner filed a Motion to Correct Illegal Sentence. *See id.* at 101-05. The Post-Conviction Court denied Petitioner's Motion to Correct Illegal Sentence on January 4, 2021. *See id.* at 129-30. Petitioner appealed the denial of her Motion to Correct Illegal Sentence to the Fourth District on January 26, 2021. *See id.* at 135-36. The Fourth District affirmed the denial of Petitioner's Motion to Correct Illegal Sentence in an unelaborated opinion on August 26, 2021, *see id.* at 150, and issued its Mandate on September 24, 2021, *see id.* at 152. On September 22, 2021, Petitioner filed a Motion for Rehearing. *See id.* at 154-58. The Fourth District denied the Motion for Rehearing on October 20, 2021. *See id.* at 159. Petitioner then filed a Motion to Recall Mandate and Consider Motion for Rehearing on October 15, 2021. *See id.* at 161-62. The Fourth District denied the Motion on November 15, 2021. *See id.* at 164.

On August 22, 2022, Petitioner filed a state-court Petition for Writ of Habeas Corpus ("State Petition"). *See id.* at 168-185. On September 27, 2022, the Fourth District dismissed the State Petition as untimely under Rule 9.141(d)(5) under the Florida Rules of Appellate Procedure. *See id.* at 187.

Petitioner filed the instant Petition on October 10, 2022. ECF No. [1]. Respondent filed a Response in opposition. ECF No. [7]. Petitioner did not file a reply. Accordingly, the Petition is ripe for review.

## II. DISCUSSION

### A.     Timeliness

Respondent argues that the Petition is time-barred. *See* ECF No. [7] at 13-26. Petitioner does not comment on the timeliness of her Petition. *See generally* Petition. After reviewing the procedural history and relevant law, the Court agrees with Respondent that the Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a "[one]–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (alterations added). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2) (alteration added).

Petitioner does not assert that an unconstitutional state-created impediment to filing her federal habeas Petition existed. Petitioner also does not base her claims on a right newly recognized by the United States Supreme Court or allege that the facts supporting Petitioner's claims could not have been discovered through the exercise of due diligence. *See generally* Petition. Accordingly, the statute of limitations is measured from the remaining trigger, the date Petitioner's

"judgment" became final. 28 U.S.C. § 2244(d)(1)(A).

The federal limitations period in Petitioner's case remained tolled from the time the trial court entered Petitioner's conviction and sentence until the Fourth District denied Petitioner's Motion for Rehearing on the Fourth District's affirmance of Petitioner's Judgment and Sentence on May 7, 2022. Following the Fourth District's denial of Petitioner's Motion for Rehearing, Petitioner had an additional ninety tolled days to seek *certiorari* review with the United States Supreme Court of the Fourth District's affirmance. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004). Petitioner did not seek *certiorari* review during these ninety days, and the clock on the federal limitations period started to run on August 6, 2012. *See* Fed. R. Civ. P 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . ." (alterations added)).

305 untolled days later, Petitioner filed a Rule 3.850 Motion on June 7, 2013. The federal limitations period remained tolled during the pendency of proceedings on the Rule 3.850 Motion. The Post-Conviction Court issued an Amended Judgment and Sentence, vacating Count I over double jeopardy concerns. *See* ECF No. [8-3] at 258-60. Petitioner's Amended Judgment and Sentence present a question as to whether the federal limitations period should restart on November 30, 2018—the date Petitioner's Amended Judgment and Sentence became final. The Eleventh Circuit has yet to answer this question. *See McMeans v. Alabama*, 2022 WL 2911803, at *4 n.6 (M.D. Ala. July 11, 2022) (Coody, Mag. J.) ("Chief Judge Carnes noted that, in the Eleventh Circuit, open questions remain as to whether a 'non-detrimental change' in a sentence allows a prisoner to file a federal habeas petition challenging his original, undisturbed conviction as though the conviction had occurred at the date of the change in the sentence." (citing *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1328-29 (11th Cir. 2017) (Carnes, C.J., concurring))), *report*

*and recommendation adopted*, 2022 WL 2913002 (M.D. Ala. July 22, 2022) (Albritton, J.), but other circuits have—although their answers are decidedly "split." *Cassidy v. Dixon*, 2021 WL 6808302, at *2 (N.D. Fla. Dec. 22, 2021) (Cannon, Mag. J.), *report and recommendation adopted*, 2022 WL 356038 (N.D. Fla. Feb. 7, 2022) (Stafford, J.); *see also Cox v. Sec'y Fla. Dep't of Corr.*, 837 F.3d 1114, 1118 (11th Cir. 2016) (recognizing the circuit split).

The Second and Ninth Circuits have held that a new judgment as to one count creates an entirely new judgment as to all other counts for purposes of § 2244. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) ("A different result is not warranted by the fact that . . . [Johnson] effectively challenges an unamended component of the judgment." (alterations added)); *Wentzell v. Neven*, 674 F.3d 1124, 1127-28 (9th Cir. 2012) ("In the context of finality, we treat the judgment of conviction as one unit, rather than separately considering the judgment's components, *i.e.,* treating the conviction and sentence for each count separately.").

However, the Third, Fifth, and Seventh Circuits have come to the opposite conclusion. *See In re Lampton*, 667 F.3d 585, 590 (5th Cir. 2012) ("The less fundamental change made to Lampton's judgment of conviction is not enough to allow him to bypass AEDPA's restrictions on piecemeal habeas litigation." (footnote call number omitted)); *Turner v. Brown*, 845 F.3d 294, 298 (7th Cir. 2017) ("Under the same reasoning, although a challenge to Turner's robbery conviction may be timely, the challenge to his sentence for murder is not. His murder conviction and life sentence were unaffected by the 2013 resentencing and thus remained final."); *Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300-01 (3d Cir. 2019) ("In summary, we conclude that Romansky's *habeas* petition was not timely as to the conspiracy conviction at his 1987 trial because the petition was not filed within one year of the conclusion of his state post-conviction process and because the 2000 resentencing did not impose a new judgment as to the undisturbed

counts of conviction (including the conspiracy charge).").

The Court agrees with the latter three circuits. The Third Circuit's opinion in *Romansky* is particularly instructive. The petitioner in that case had been convicted in 1987 of, among other things, conspiring to steal cars, receiving stolen property, and dealing in stolen property, convictions all stemming from his role in "an auto theft ring in northeastern Pennsylvania." *Romansky*, 933 F.3d at 295-96. For these crimes, the state trial judge sentenced him to "9 to 18 years' total incarceration, including 2 to 4 years on the conspiracy charge." *Id.* at 296. But, ten years later, a state appellate court vacated Romansky's convictions as to one of the stolen vehicles, finding that "the Commonwealth had unlawfully used false testimony." *Id.* "Romansky was retried on the vacated charges in January 2000, again resulting in conviction on all of those counts." *Id.* Two months later, "he received the same sentence on each of the counts as in 1987 — 9 to 18 years in total, including 2 to 4 years on the conspiracy charge." *Id.* Ultimately, the Third Circuit found that "where some but not all counts of conviction are disturbed on appeal or in post-conviction proceedings, the defendant's eventual resentencing is [not] a new judgment as to the undisturbed counts of conviction." *Id.* at 300 (alteration added).

Eleventh Circuit precedent supports reaching the same conclusion. The Eleventh Circuit has stated, "there is only one judgment, and it is comprised of both the sentence and the conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) "The limitations provisions of AEDPA 'are specifically focused on the judgment which holds the petitioner in confinement,' and resentencing results in a new judgment that restarts the statute of limitations." *Id.* (quoting *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007)). Furthermore, "not every action that alters a sentence necessarily constitutes a new judgment for purposes of § 2244." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1265

8

(11th Cir. 2020).

In the instant case, the only apparent reason the Post-Conviction Court entered an amended judgment on Counts II, III, and IV was to vacate Petitioner's guilty verdict on Count I. Under Rule 3.986 of the Florida Rules of Criminal Procedure, judgment forms used by Florida courts must indicate the counts and crimes an individual faces in each case. The Post-Conviction Court accordingly could not vacate Count I in an amended judgment without also referencing Counts II, III, and IV. Moreover, because the Post-Conviction Court issued an amended judgment, it was required to enter an amended sentence. However, in issuing that amended sentence, the Court indicated that Petitioner was resentenced on Counts II, III, and IV *nunc pro tunc* to July 1, 2010—the date of Petitioner's initial sentencing. *See* ECF No. [8-4] at 95.

The Court finds that the judgment authorizing Petitioner's incarceration relates back to the date Petitioner was originally sentenced on July 1, 2010. *See Insignares*, 755 F.3d at 1281; *Romansky*, 933 F.3d at 300. That conclusion is supported by the following facts: (1) the Post-Conviction Court resentenced Petitioner on Counts II, III, and IV *nunc pro tunc* to July 1, 2010, a resentencing that was the unavoidable consequence of the Amended Judgment on Counts II, III, and IV; and (2) Petitioner's term of imprisonment remained unchanged. *See Osbourne*, 968 F.3d at 1267 ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244." (alteration added; citations omitted)). In short, Petitioner was serving a sixty-year term of imprisonment before and after the post-conviction court vacated Count I. Petitioner's Amended Judgment accordingly did not restart the federal limitations period.

As such, the federal limitations period remained tolled in Petitioner's case from the date Petitioner filed her initial Rule 3.850 Motion until the Fourth District issued its Mandate on

November 30, 2018, affirming Petitioner's Amended Judgment and the Post-Conviction Court's denial of the Amended Rule 3.850 Motion. *See Green v. McDonough*, No. 8:07CV90T30MAP, 2008 WL 5274320, at *2 (M.D. Fla. Dec. 18, 2008) ("Petitioner's Rule 3.850 motion . . . tolled the limitation period . . . until the appellate court affirmed the denial of the Rule 3.850 motion, and issued its mandate . . . ." (alterations added)).

Before the Fourth District issued its Mandate, Petitioner filed a Motion to Correct Illegal Sentence on November 19, 2018. Petition at 7. Proceedings on this motion tolled the federal limitations period until November 15, 2021, when the Fourth District denied Petitioner's Motion for Rehearing of its affirmance of the post-conviction court's denial of the Motion to Correct Illegal Sentence. *Id.* at 8.

The next time Petitioner filed a pleading that would toll the federal limitations period was on August 22, 2022, when she filed the State Petition. But by the time Petitioner filed her State Petition, the federal limitations period had expired and, thus, it did not toll the federal limitations period.[2] *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court [pleading] . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." (alterations added)). In any event, the Fourth District dismissed the State Petition as untimely, which means it would not have tolled the federal limitations period even if the State Petition had been filed before the expiration of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that a state court post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2) if it is dismissed by the state court as untimely).

---

[2] Specifically, the federal limitations period expired on January 15, 2022—the date on which she accumulated 365 days of untolled time. Any filings made after January 15, 2022, would not toll the federal limitations period.

On October 10, 2022, Petitioner filed the instant Petition—268 days after the federal limitations period expired. The Petition is, therefore, untimely. Petitioner could overcome this procedural bar by qualifying for either of the equitable exceptions available under 28 U.S.C. § 2254: equitable tolling and actual innocence. While Petitioner does not argue that she is entitled to equitable tolling, she does claim in passing that she is innocent. *See generally* Petition. However, Petitioner fails to present any new evidence establishing her innocence, thus, failing to show actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). The Petition is, thus, properly dismissed as untimely.

**B.     Evidentiary Hearing**

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added). Here, the pertinent facts of the case are fully developed in the record. As explained, Petitioner is time-barred, and thus precluded, from obtaining federal habeas relief. Because the Court can "adequately assess [Petitioner]'s claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alterations added).

**C.     Certificate of Appealability**

A prisoner seeking to appeal a district court's final order denying her petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability.

11

*See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a petition based on procedural grounds, a petitioner must further demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Given the circuit split identified in this Order, the Court finds that jurists of reason might find the Court's procedural ruling in this case "debatable[.]" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (alteration added). The Court will therefore grant a certificate of appealability on one issue: Did Petitioner's Amended Judgment and Sentence restart the federal limitations period under AEDPA?

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody **ECF No. [1]** is **DISMISSED** as time-barred;

2. A *certificate of appealability* is **GRANTED** on the issue articulated above; and

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 22-cv-14354-BLOOM/Reinhart

Counsel of Record

Theresa Batson, *PRO SE*
K79813
Lowell Correctional Institution
Inmate Mail/Parcels
11120 NW Gainesville Road
Ocala, Florida 34482